MITCHELL, et al. vs. RINGGOLD.

1810.
DECEMBER.
Mitchell
vs
Ringgold

APPEAL from *Washington* County Court. *Assumpsit* on a promissory note, and for money had and received. Plea, the general issue.

1. The plaintiffs, (the present appellants) at the trial, read in evidence a paper purporting to be a promissory note, dated the 3d of July 1804, drawn by the defendant, (now appellee,) in favour of *Simon Wilmer*, or order, for $3000, and endorsed in blank by *Wilmer*. It was admitted to have been signed by the defendant, and endorsed by *Wilmer*, and that the whole of the paper, except the signature of the defendant, was in the hand writing of *Wilmer*. The defendant then offered in evidence, from the paper itself, that since it had passed from his, the defendant's hands, it had been altered by cutting off and obliterating the date it originally bore, and by giving to it a new and different date. He then prayed the court to direct the jury, that if they were satisfied that the date of the paper had been altered since it had passed from the hands of the defendant, and without his privity and consent, that then the paper offered no ground of action against the defendant, but was as to him a nullity. This opinion and direction the court gave. The plaintiffs excepted.

2. The plaintiffs then, to prove that *Wilmer* made the alteration in the date of the note, (if any such had been made,) as agent of the defendant, and was duly authorised to make the same, and that he made the same before the note had been passed to the plaintiffs, read in evidence an agreement between the plaintiffs and defendant in these words: "In some of the cases against *Samuel Ringgold*, the dates of the notes appear to be altered; it is admitted that these alterations were made by *Simon Wilmer*, while the notes were in his possession, and before he passed them to the plaintiffs." And to prove that *Wilmer* had authority from the defendant to alter the date of this note, the plaintiffs read in evidence twenty letters from the defendant to *Wilmer*, which were admitted to be in the hand writing of the defendant, and dated from the 5th of October 1801, to the 19th of June 1404, inclusive. He also read in evidence three notes for $2500, drawn by the defendant in favour of *Wilmer*, and by him endorsed, dated, one the 10th of July 1801, another the 10th of May 1803, and the other the 20th

*If the date of a promissory note is altered after it passes from the maker, and without his privity and consent, the note is a nullity as to him.*

*Certain letters from the maker of a promissory note to the payee, were held not to contain sufficient evidence of authority to the payee to change the date of the note.*

*Where a promissory note was delivered by the maker to the payee, as his agent, to be discounted, and it was blank as to date and sum at the time of the delivery, and the payee filled up the date and sum, but before he discounted it, and while it continued in his possession, changed the date, and then endorsed it to the plaintiff for a fair and bona fide consideration—Held, that such change destroyed the validity of the note as against the maker.*

of September 1803; also another dated the 5th of May 1804 for $1000. The plaintiffs then offered in evidence, that all the above notes, except the dates, the sums and endorsements, are in the hand writing of the defendant, and that the dates, the sums, and endorsements of *Wilmer's* name, are in the hand writing of *Wilmer.* They also offered in evidence, that the defendant lives now, and has lived for 10 years past, in *Washington* county. And also offered in evidence by a witness, that he had several times seen in the hands of *Wilmer*, notes bearing the signature of the defendant, but whether they had been signed by him he does not know, as he has never seen him write, and is not acquainted with his hand writing; that *Wilmer* had purchased goods of the witness, which were sent to the defendant. The defendant then, to show that the note upon which this suit is brought was transferred by *Wilmer* to the plaintiffs in discharge and satisfaction of a previous debt due from *Wilmer* to the plaintiffs, and not for any purpose beneficial to the defendant, read in evidence the deposition of a witness taken by consent. The plaintiffs then prayed the court for their opinion and direction to the jury, that if they find, from the evidence above stated, that the note upon which this action is brought has been changed or altered in the dating, but that the changes or alterations were made by *Wilmer* as the agent of the defendant, while the note was in his possession, and before it had ever been discounted or transferred to any one, and that after the change had been made, he transferred the same to the plaintiffs for a fair and valuable consideration, that in that case the letters and other proof above mentioned, contain sufficient evidence of authority to *Wilmer* to make the change, and the plaintiffs are entitled to recover. Upon this prayer the court, (*Clagett* and *Shriver,* A. J.) were divided in opinion, and therefore the opinion and direction were not given to the jury. The plaintiffs excepted.

3. The plaintiffs then prayed the opinion and direction of the court to the jury, that if they find from the evidence that the dating of the note has been changed, but that the same was changed while the note was in the possession of *Wilmer*, the agent of the defendant, and by him, and afterwards passed to the plaintiffs, that then the letters, and other proof above stated, are evidence to the jury that *Wilmer* was authorised by the defendant to make the

change. The court refused to give this direction. The plaintiff excepted.

4. The plaintiff also prayed the opinion and direction of the court to the jury, that if they find from the evidence that the note was delivered by the defendant to *Wilmer* as his agent, to be discounted in *Baltimore*, and that the note was blank as to date and sum at the time of such delivery, and that *Wilmer* filled up the date and sum; but before he discounted the note, and while it continued in his possession, changed the date to that which it now bears, and then endorsed it to the plaintiffs for a fair and *bona fide* consideration, that such change does not destroy the validity of the note; and that if the defendant insists that any other alteration has been made so as to destroy the validity of the note, it is incumbent on him to prove that it has been made. Upon this prayer the court were divided in opinion, and the direction was consequently refused. The plaintiffs excepted.

5. The opinion prayed by the plaintiffs in this exception was like that in the next preceding exception, except that it also called upon the court to say, that there was no evidence in the cause of any other alteration of the note than that of its date. Upon this prayer the court were also divided in opinion, and the direction was not given. The plaintiffs excepted. Verdict and judgment being for the defendant, the plaintiffs appealed to this court.

The cause was argued before CHASE, Ch. J. POLK and EARLE, J. by

*Harper*, for the Appellants; and by
*Key* and *T. Buchanan*, for the Appellee.

THE COURT concurred with the County Court in the opinions expressed in the several bills of exceptions.

JUDGMENT AFFIRMED, *(a)*.

(*a*) See *Cordwell vs. Martin*, 1 Campb. 79, 81, (*note*,) 180, b, (*note 5.*)